Staci Griffin-Burk
2487 S. Gilbert Rd #106-609
Gilbert, AZ 85295
(480) 343-4518

Proper Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| NICOLE RICHARDSON, a single woman )<br>Plaintiff, )<br><br>vs. )<br><br>STACI GRIFFIN-BURK, a single woman, )<br>and GILBERT UNIFIED PUBLIC )<br>SCHOOL DISTRICT No. 41 of )<br>MARICOPA COUNTY, a political )<br>subdivision of the State of Arizona. )<br><br>Defendant. | 2015-CV-00343-ROS<br><br>ANSWER<br><br>*(Assigned to the Hon. Roslyn O. Silver)* |

Defendant, Staci Griffin-Burk, hereby answers the complaint filed in this action as follows;

## PARTIES AND JURISDICTION

1.   Insufficient information to admit or deny the allegation. Based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

2.  Insufficient information to admit or deny the allegation.  Defendant does not know where Plaintiff resides.

3.  Admits the allegation.

4.  Admits the allegation.

5.  Denies the allegation.

6.  Insufficient information to admit or deny the allegation.

7.  Admits the allegation.

8.  Insufficient information to admit or deny the allegation.

9.  Insufficient information to admit or deny the allegation.

10.  Denies the allegation.


## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Employment with the District


11.  Insufficient information to admit or deny the allegation.

12.  Insufficient information to admit or deny the allegation.

13.  Insufficient information to admit or deny the allegation.

14.  Insufficient information to admit or deny the allegation.

15.  Insufficient information to admit or deny the allegation.

16.  Admits the allegation.

17.  Insufficient information to admit or deny the allegation.

18.  Insufficient information to admit or deny the allegation.


### Staci Burk's Dealings with and as part of the Board


19.  Denies the allegation.

20.  Insufficient information to admit or deny the allegation.

21. Denies the allegation.

22. Denies the allegation.

23. Admits the allegation.

24. Admits the allegation.

25. Denies the allegation. In 2013, the *unpaid* volunteer elected school district governing board consisted of the following members in the following positions;

| | |
|---|---|
| Staci Griffin-Burk | President |
| Julie Smith | Clerk |
| Daryl Colvin | Member |
| Jill Humpherys | Member |
| Lily Tram | Member |

26. Denies the allegation.

27. Denies the allegation.

28. Denies the allegation. Upon information and belief, administrator Jared Ryan contacted board member Julie Smith seeking a promotion into the Superintendents cabinet. According to Mrs. Smith, Mr. Ryan told her that if he did not get a promotion into the Superintendents cabinet, he would be leaving the district. Mrs. Smith communicated to Defendant Griffin-Burk the content of her conversation with Mr. Ryan and that Mr. Ryan sought to speak directly with Defendant Griffin-Burk by a given deadline to ascertain whether or not Defendant would support Mr. Ryan in getting a promotion.

29. Denies the allegation as to any suggestion that this communication represents a hostile relationship between the Defendant and District staff. The excerpt of the e-mail communication from Julie Smith to Defendant was on or around the date that the

telephone conversation took place and is believed by Defendant to communicate what Smith's expectations were if she were to support Mr. Ryan for a promotion into the Superintendents cabinet.  Mr. Ryan did not leave the District at that time. The following year Mr. Ryan contacted the Defendant and asked if he could be promoted into the Superintendents cabinet and if not, he would be leaving for a different position which paid more money. At that time Defendant approached the new Superintendent Christina Kishimoto and presented the request of Mr. Ryan.  Superintendent Kishimoto said the District could offer Mr. Ryan a nominal salary increase if he were to stay, but could not guarantee a position in the Cabinet. Mr. Ryan subsequently resigned and took the position with another district for a salary increase.

30.  Admits the allegation.

31.  Insufficient information to admit or deny the allegation. Defendant cannot confirm or deny outside 3rd parties statements to media sources.

32.  Insufficient information to admit or deny the allegation. Defendant is unable to locate the cited newspaper article and therefore cannot confirm or deny its validity.

33.  Denies the allegation. This allegation has been investigated by the Arizona Attorney General's Office Open Meeting Law Enforcement Team ("OMLET") and determined by their office to be unsubstantiated.

34.  Insufficient information to admit or deny the allegation. Allegation involves persons other than Defendant.

35.  Denies the allegation.


**Dissembling and Retaliation**

36.  Denies the allegation.

37.  Insufficient information to admit or deny the allegation.

38. Insufficient information to admit or deny the allegation.

39. Denies the allegation.

40. Denies the allegation.

41. Insufficient information to admit or deny the allegation.

42. Insufficient information to admit or deny the allegation.

43. Admits the allegation.

44. Insufficient information to admit or deny the allegation. Upon information and belief, the Greens were made aware of the existence of the public record by someone other than Defendant Griffin-Burk. Defendant denies any allegation that she communicated this information to the Greens.

45. Insufficient information to admit or deny the allegation.

46. Insufficient information to admit or deny the allegation.

47. Insufficient information to admit or deny the allegation.

48. Admits the allegation.

49. Denies the allegation.

50.  Answering this allegation would require revealing board discussions held during executive session which is against Arizona Law. Otherwise denies the allegation.

51. Admits the allegation.

52. Admits the allegation.  Upon information and belief, attorney Don Conrad was hired by the law firm of Georgia Staton due to sensitive and active litigation so that the investigation report and its contents would not be made public. However, Plaintiff was aware of the content of this report and contrary to the best interest of the District, she discussed it publicly on social media. Superintendent Jack Keegan stated to Defendant Griffin-Burk that shortly before the Plaintiff revealed the content of the attorney-client privileged report on social media, Dr. Keegan and Plaintiff discussed the matter as

Plaintiff expressed a desire to post the information. Superintendent Keegan told Defendant that he specifically instructed Plaintiff not to do so shortly before she did it as this information was privileged. Superintendent Keegan told Defendant that because of this [act of insubordination], he would be placing Plaintiff on administrative leave the following morning.

53. Insufficient information to admit or deny the allegation.

54. Insufficient information to admit or deny the allegation.

55. Insufficient information to admit or deny the allegation.

56. Insufficient information to admit or deny the allegation.

57. Denies the allegation. Although Mr. Conrad noted this in his report, after Defendant and at least one other board member were contacted by Kami Cottle and told that no one had tried to contact her and she could prove that with her caller identification records, Defendant contacted Don Conrad. Mr. Conrad indicated that he did not try to contact Ms. Cottle directly, that he relied upon district office staff to set up the interview. He stated that he was told that Ms. Cottle didn't respond. Defendant then contacted district staff and was told that Mr. Conrad was setting up his own interview with Kami Cottle. Therefore, it is Plaintiffs belief that Kami Cottle was not contacted for an interview.

58. Insufficient information to admit or deny the allegation.

59. Insufficient information to admit or deny the allegation.

60. Insufficient information to admit or deny the allegation.

61. Insufficient information to admit or deny the allegation.

62. Denies the allegation.

63. Denies the allegation.

64. Denies the allegation.

65. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

66. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

67. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

68. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

69. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

70. Insufficient information to admit or deny the allegation.

71.   Denies the allegation. Upon information and belief, the Cottle resignation was a public record obtained by the Greens and provided directly to the Nicitas by the Greens. Defendant Griffin-Burk had no involvement in facilitating this exchange of information.

72. Insufficient information to admit or deny the allegation.

73. Denies the allegation.

74. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

75. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog of which Defendant Griffin-Burk was not involved.

76. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog or social media postings of which Defendant Griffin-Burk was not involved.

77. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog or social media postings of which Defendant Griffin-Burk was not involved.

78. Insufficient information to admit or deny the allegation. This allegation involves 3rd unrelated parties apparent blog or social media postings of which Defendant Griffin-Burk was not involved.

79. Insufficient information to admit or deny the allegation.

80. Insufficient information to admit or deny the allegation.

81. Insufficient information to admit or deny the allegation.

82. Denies the allegation.

83. Insufficient information to admit or deny the allegation.

84. Denies the allegation. Upon investigation by Defendant, Defendant has learned that Trisha Wright, an outside 3rd party, is responsible for this post and this information could have been easily obtained by Plaintiff if she had inquired. Defendant does not believe that an exhibit with an anonymous social media post and with a circle and an arrow which reads "This is Staci Burk", should be accepted by the Court as evidence. The administrator of the Parents for a Responsible School Board social media page, Trisha Wright, communicated to Defendant that no one had sent the administrator a private message inquiring as to her identity and had they, Mrs. Wright would have communicated her identity to the Plaintiff.

85. On or around the evening of February 24th, Defendant was contacted by several parents asking whether or not an investigation had actually occurred and if they could obtain a copy of the report. Defendant Griffin-Burk advised the parents that they could not have a copy of the report because it was attorney-client privileged. The constituent

parents inquired as to why they were been denied access to an investigation report while the Plaintiff was openly discussing its content on social media.

Defendant Griffin-Burk, being aware that the purpose behind the investigation being conducted at a more expensive cost through Georgia Staton's office was to keep the investigation and its contents out of the public, contacted both attorney Susan Segal and Superintendent Jack Keegan to inform them. Superintendent Keegan stated to Defendant Griffin-Burk, that Plaintiff had been communicating with him about wanting to post the investigation report content online and that Keegan specifically told her not to. Keegan told Defendant that he would be placing the Plaintiff on administrative leave the following morning for violating his direct instruction not to post on social media information related to the investigation, but that Plaintiff did so anyway. This information is further supported by the Plaintiffs own evidence included in the complaint as exhibit J. At the bottom of Plaintiffs exhibit J, Superintendent Keegan letter asserts in part;

> *"Based on this review I am rescinding Ms. Richardsons suspension.*
> *However, she is to receive a letter stating that she did not follow my*
> *order not to respond to this posting." (Exhibit A)*

At that time, Defendant Griffin-Burk further asked Keegan what she should do about the parents complaints that the Plaintiff was publicly discussing contents of a report that they were being denied access to, under the assertion the report was attorney-client privileged and therefore not public. Mr. Keegan stated that an employee complaint could be filed, but that he would be placing Ms. Richardson on leave for violating his instruction to her [an act of insubordination] regardless of whether or not a parent complaint was filed. Defendant followed up with those constituent parents and explained

that if they were concerned, an employee complaint could be filed according to policy. The constituent parents requested that Defendant file a complaint on their behalf as they feared retaliation from Plaintiff based on previous threats of action by Plaintiff. Defendant Griffin-Burk filed the complaint on behalf of the parents making the request.

86.  Denies the allegation. The post on February 24th, 2014, was made by Trisha Wright acting on her own behalf and as the administrator of the social media page Parents for a Responsible School Board. Defendant had no involvement in this social media post.

87.  Denies the allegation.  Upon information and belief, other pages of social media postings were included with the complaint that do not appear to be included. Additionally, the employee action request document is unrelated to the Defendant Griffin-Burks complaint on behalf of the parents.

As stated above, upon information and belief, the employee action request for administrative leave was a separate unrelated document generated at Superintendent Keegans request. That process was initiated by Superintendent Keegan prior to receiving the Defendants complaint and was unrelated to the Griffin-Burk complaint.

88.  Denies the allegation.

89.  Denies the allegation.

90.  Insufficient information to admit or deny the allegations.

91.  Insufficient information to admit or deny the allegations.

92.  Insufficient information to admit or deny the allegations.

93.  Denies the allegation.

94.  Denies the allegation.

95.  Denies the allegation.

96.  Denies the allegation.

97.   Denies the allegation as to Defendant Griffin-Burk. Otherwise insufficient information to admit or deny the allegation.

98.   Insufficient information to admit or deny the allegation.

99.   Insufficient information to admit or deny the allegation.

100.   Insufficient information to admit or deny the allegation.

101.   Insufficient information to admit or deny the allegation.

102.   Insufficient information to admit or deny the allegation.

103.   Denies the allegation. Upon information and belief, the Plaintiff committed a violation of ARS 15-511 during the override election in which Plaintiff admitted to the use of district computers, in violation of the law.   Defendant Griffin-Burk and Superintendent Jack Keegan agreed to overlook this violation of law committed by the Plaintiff. Upon information and belief, Plaintiff was counseled by Jack Keegan on the use of school district resources during an election and following the law.

104.   Insufficient information to admit or deny the allegation.  Upon information and belief, Plaintiff is referencing in this paragraph the letter she received regarding her act of insubordination (not following Superintendent Keegans direct order), which Keegan instructs Filloon to generate at the bottom of the Plaintiffs Exhibit J .

105.   Insufficient information to admit or deny the allegation.

106.   Insufficient information to admit or deny the allegation.

107.   Denies the allegation as it relates to Defendant Griffin-Burk.

108.   Denies the allegation.

109.   Denies the allegation.

110.   Denies the allegation.

111.   Denies the allegation as to any involvement of Defendant Griffin-Burk.

112.   Insufficient information to admit or deny the allegation.

113. Insufficient information to admit or deny the allegation.

114. Denies the allegation.

115. Denies the allegation.

116.   A complete answer to this allegation requires release of executive session discussions held by the entire board prior to the filing of the criminal investigation. Otherwise admits the allegation.

117.  Upon information and belief, the investigation is pending review by the Maricopa County Attorneys Office.

118. Insufficient information to admit or deny the allegation.

119. Insufficient information to admit or deny the allegation.

120. Insufficient information to admit or deny the allegation.

121. Insufficient information to admit or deny the allegation.

122. Insufficient information to admit or deny the allegation.

123. Denies the allegation.

124. Denies the allegation.

125. Insufficient information to admit or deny the allegation.

126. Insufficient information to admit or deny the allegation.

127. Insufficient information to admit or deny the allegation.

128. Denies the allegation.

129. Insufficient information to admit or deny the allegation.

130. Insufficient information to admit or deny the allegation.

131. Insufficient information to admit or deny the allegation.

132. Insufficient information to admit or deny the allegation.

133. Denies the allegation.

134. Denies the allegation.

135. Denies the allegation.

136. Denies the allegation.

137. Insufficient information to admit or deny the allegation.

138. Denies the allegation.

139. Insufficient information to admit or deny the allegation.

140. Insufficient information to admit or deny the allegation.

141.   Denies the allegation as to Defendant Griffin-Burk. Insufficient information to admit or deny the allegation.

142. Insufficient information to admit or deny the allegation.

143. Insufficient information to admit or deny the allegation.

144. Insufficient information to admit or deny the allegation.

145. Denies the allegation.

146. Insufficient information to admit or deny the allegation.

147. Admits the allegation.

148. Admits the allegation.

149. Insufficient information to admit or deny the allegation.

150. Insufficient information to admit or deny the allegation.

151. Upon information and belief, Smith was referring to the Cottle investigation.

152. Insufficient information to admit or deny the allegation.

153. Denies the allegation. Upon information and belief, the Board was awaiting further investigation of the Cottle allegations based upon Cottles contention that she had not been contacted and still desired to actively participate in the investigation of her complaint and provide her evidence and audio recordings.

154. Insufficient information to admit or deny the allegation. On June 10, 2014, Board member Lily Tram emailed Defendant Griffin-Burk requesting the status of the

investigation regarding the allegations that former employee Cami Cottle made against the Plaintiff. Defendant requested that interim Superintendent Jim Rice respond to Board Member Tram. Superintendent Rice communicated the following to  Defendant Griffin-Burk, on June 11th, 2014;

*"Should I contact Don Conrad to interview Cami? I would like to have both these individuals resolved by the time Christina takes over July 1."* (Exhibit B)

On or around July 21, 2014, Defendant Griffin-Burk engaged in communications with the new Superintendent Christina Kishimoto, in which Christina Kishimoto communicated that the investigation and resolution of the Cami Cottle issue was not complete. (Exhibit C).

155.  Denies the allegation.

156.  Denies the allegation.

157.   Insufficient information to admit or deny the allegation. The complete record Plaintiff refers to was removed from the anonymous Gilbert Public School Board Observer social media page that the Plaintiff refers to in this allegation.

158.  Denies the allegation. The transcript attached is not a true copy of the full and complete record.

159.  Admits the allegation.

160.  Admits the allegation.

161.  Denies the allegation.  Plaintiff knowingly and falsely asserts to this Court in her complaint that *"Defendant falsely states that Keegan had not completed his investigation of the Burk Complaint."*  The relevant part of the Plaintiffs own exhibit L related to this allegation proves the exact opposite. Defendant did not at any time assert that the complaint Defendant filed on behalf of constituent parents was still being investigated as

Plaintiff attempts to mislead the Court. The relevant part of Plaintiffs own exhibit L which proves the opposite reads as follows;

 Staci Burk I know how the investigation that I requested on behalf of several parents ended. You have outlined that. There was a letter. There was a separate investigation initiated by a district staff member that worked with Ms. Richardson that has not been completed and has some serious allegations. I hope that helps clarify any misunderstandings about which investigation we may be talking about
Like   Reply   2 hours ago

162. Denies the allegation.

163. Insufficient information to admit or deny the allegation.

164. Insufficient information to admit or deny the allegation.

165. Denies the allegation.

166. Denies the allegation that the statements are false.

167. Upon information and belief, Kami Cottle was not contacted.

168. Insufficient information to admit or deny the allegation.

169. Denies the allegation.

170. Insufficient information to admit or deny the allegation.

171. Admits the allegation related to the Filloon letter. Insufficient information to admit or deny which Keegan memo Plaintiff is referring to.

172. Admits the allegation.

## Count I

*(Civil Rights Violations, constructive discharge, retaliation)*

173. Defendant incorporates by reference the answers contained in paragraphs 1 through 172 above as fully set forth herein.

174. Admits the allegation. Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

175. Insufficient information to admit or deny the allegation.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

176. Insufficient information to admit or deny the allegation.  Allegation alleges action of 3rd parties of which Defendant has insufficient knowledge to admit or deny. Defendant Griffin-Burk denies the allegation as to any role Plaintiff asserts the Defendant was a part of.   Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

177. Insufficient information to admit or deny the allegation.  Allegation alleges action of 3rd parties of which Defendant has insufficient knowledge to admit or deny. Defendant Griffin-Burk denies the allegation as to any role Plaintiff asserts the Defendant was a part of.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

178. Insufficient information to admit or deny the allegation.  Allegation alleges action of 3rd parties of which Defendant has insufficient knowledge to admit or deny. Defendant Griffin-Burk denies the allegation as to any role Plaintiff asserts the Defendant was a part of.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

179. Denies the allegation.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

180.   Insufficient information to admit or deny the allegation.  Allegation alleges action of 3rd parties of which Defendant has insufficient knowledge to admit or deny. Defendant Griffin-Burk denies the allegation as to any role Plaintiff asserts the Defendant was a part of.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

181.   Insufficient information to admit or deny the allegation.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

182.   Insufficient information to admit or deny the allegation.  Allegation alleges action of 3rd parties of which Defendant has insufficient knowledge to admit or deny. Defendant Griffin-Burk denies the allegation as to any role Plaintiff asserts the Defendant was a part of.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

183.   Insufficient information to admit or deny the allegation.  Allegation alleges action of 3rd parties of which Defendant has insufficient knowledge to admit or deny. Defendant Griffin-Burk denies the allegation as to any role Plaintiff asserts the Defendant was a part of.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

184.   Denies the allegation as to Defendant Griffin-Burk.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42

U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

185.   Denies the allegation.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

186.   Denies the allegation.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

187.   Denies the allegation as it relates to Defendant Griffin-Burk.  Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

188.   Insufficient information to admit or deny the allegation. Upon information and belief based upon Plaintiffs assertion that she continued on medical leave, Plaintiff should have obtained short term disability benefits regardless of her choice and decision to resign from the District.  Both the short and long term disability programs would afford the Plaintiff an actual monetary benefit equal to or greater than her take home pay while actively employed District as that income is not taxable. Upon information and belief, Plaintiff is receiving Long Term Disability through the Arizona State Retirement System which continues to accumulate years of service while receiving the benefit, thereby securing and preserving her future retirement benefit. Additionally, based upon Plaintiffs assertion to the Federal Court that there is no Federal question regarding her 42 U.S.C. 1983 claim, Defendant believes that Plaintiff has withdrawn this claim from further prosecution.

**Count II**

*(Intentional Infliction of Emotional Pain and Suffering)*

189. Defendant incorporates by reference the answers contained in paragraphs 1 through 172 above as fully set forth herein.

190. Denies the allegation.

191. Denies the allegation.

192. Denies the allegation.

193. Admits the allegation in that board members should where possible act in ways that support and promote public confidence in both the Board and the District.

194. Admits the allegation.

195. Denies the allegation as to acts alleged against Defendant Griffin-Burk, otherwise insufficient information to admit or deny.

196. Denies the allegation as to acts alleged against Defendant Griffin-Burk, otherwise insufficient information to admit or deny.

197. Denies the allegation.

198. Denies the allegation.

## **Count III**

*(Defamation)*

199. Defendant incorporates by reference the answers contained in paragraphs 1 through 172 above as fully set forth herein.

200. Denies the allegation.

201. Denies the allegation.

202. Denies the allegation.

203. Denies the allegation.

204. Admits the allegation.

205. Denies the allegation.

206. Denies the allegation.

207. Denies the allegation.

208. Denies the allegation.

209. Denies the allegation.

210. Denies the allegation as to Defendant Griffin-Burk. Otherwise insufficient information to admit or deny.

211. Denies the allegation.


**WHEREFORE**, Defendant respectfully requests that the Court accept the answer to this complaint submitted this 10th day of March, 2015.

Staci Griffin-Burk


**ORIGINAL** of the foregoing filed this 10th day of March, 2015 with:

Honorable Roslyn O. Silver
United States District Court - District Court of Arizona
401 W. Washington Street, Suite 130
Phoenix, Arizona

and a **COPY** mailed and/or electronically this same day to:

William R. Richardson, Esq.
1745 South Alma School Road, Suite 100
Mesa, Arizona 85210-3010

Georgia A. Staton, Esq.
Jones, Skelon & Hochuli P.L.C
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

# Exhibit A



GPS
EXPECT SUCCESS   Gilbert Public Schools

Interim Superintendent
John J. Keegan, Jr., Ed.D.

GPS Governing Board
President
Staci Burk
Clerk
Julie Smith
Members
Daryl Colvin
Jill Humpherys
Lily Tram

March 6, 2014

To: Jeff Filloon

From: Jack Keegan

Re: Nicole Richardson, Complete

I have reviewed Ms. Staci Burk's complaint regarding Nicole Richardson's posting of information that was allegedly contained in an attorney/client privileged report on the website and the allegation that she threatened a parent with a libel suit as a response to a blog site entitled *mysocalledcrisis*. The blog posting was entitled, '*one "sinking ship" and oodles of anonymous sources*'. I reviewed the material that was posted by Ms. Richardson. I also consulted with Ms. Georgia Staton, our attorney, through whose firm Don Conrad was hired to conduct an investigation of the allegations made by Kami Cottle. Mr. Conrad reviewed and submitted a report detailing the results of his review of Ms. Cottle's charges and allegations. After reviewing Mr. Conrad's report, I submitted a copy of the full report, including attachments, to the Human Resources department for filing with the Cottle file. In addition, I permitted Ms.  Richardson to review the report based upon her request and I consulted with Ms. Staton. I was advised that I, as superintendent, was the person who authorized the investigation and hired Ms. Staton's firm. Because as superintendent I was the client, Ms. Staton advised me that I had the authority to release the report. The client was not the School Board because it was important that the investigation be separate from the board in case after the investigation the board needed to hold a due process hearing on one or more individuals identified in the report.

Since the report and Ms. Richardson's posting I have been informed by several board members that they have received communication from Ms. Cottle stating that she would now be willing to talk with our investigator. Our investigator at this point is out of the country. Upon his return, Ms. Staton will ask him to interview Ms. Cottle and then, add an addendum to the report if appropriate. In his report, Mr. Conrad stated that he tried to contact Ms. Cottle but she never returned his calls or emails. The phone number given by Ms. Cottle to the board member is the same number the District gave Mr. Conrad. However, since this request came after the release of the original report, an addendum will also be released once Mr. Conrad completes his interview of Ms. Cottle. If necessary or appropriate, Mr. Conrad may modify his findings in his report.

As to the compliant stating that Ms. Richardson threatened parents with a potential lawsuit, I do not find what she stated on the web as threatening a lawsuit. She did mention that there are laws governing liable and that people can be held accountable for liable, when printing something that is not true. I do not find those statements as necessarily a threat of a suit.

Based on this review I am rescinding Ms. Richardson's suspension. However, she is to receive a letter stating that she did not follow my order not to respond to this posting. If you have any questions regarding this, please do not hesitate to contact me.

# Exhibit B



Cami Cottle(8)  | People |

| me | Please respond Dr. Rice. Thank you. Sent | Jun 11, 2014 |
| me | No. I thought we were asking another in | Jun 11, 2014 |
| Jim Rice | Staci, Yes, you did tell me you did | Jun 11, 2014 |
| me | He has probably not returned your call b | Jun 11, 2014 |
| Jim Rice | I am sorry that is not my impressio | Jun 11, 2014 |
| me | No to Don Conrad. I thought the board | Jun 11, 2014 |
| Jim Rice | Fine, I am don't believe I know Den | Jun 11, 2014 |

**me**                                                                Jun 11, 2014
To Jim Rice

She's on the Trust list. I'll look it up when I can. Hopefully later tonight

Sent from my iPhone

⌄ Hide message history

*The Trust refers to the list of attorneys that the District can use for defensive or liability work.*

On Jun 11, 2014, at 3:47 PM, "Jim Rice"
<Jim.Rice@gilbertschools.net> wrote:

Fine, I am don't believe I know Denise.  Do you have a phone
number for her?  Jim

>>> Staci Burk <stacigriffinburk@yahoo.com> 6/11/2014 2:36 PM
>>>
No to Don Conrad. I thought the board has already chimed in on
that. How about Denise Bainton. I think she would be preferred.

Sent from my iPhone

On Jun 11, 2014, at 2:11 PM, "Jim Rice"
<Jim.Rice@gilbertschools.net> wrote:

I am sorry that is not my impression of him.  If that were the case, I
think he would call me back on the ▮▮▮▮▮▮ investigation
which is somewhat an employee matter   Should I contact Don
Conrad to interview Cami?  I would like to have both these
individuals resolved by the time Christina takes over July 1.

*↖ Redacted because unrelated employee was mentioned.*

Jim

>>> Staci Griffin-Burk <stacigriffinburk@yahoo.com> 6/11/2014
1:15 PM >>>
He has probably not returned your call because as the boards
attorney it could be a conflict. Remember on employment matters,
the board and administration are required to have separate
counsel. Greg Coulter is very ethical and by the book.

On Wednesday, June 11, 2014 1:09 PM, Jim Rice
<Jim.Rice@gilbertschools.net> wrote:

Staci,

Yes, you did tell me you did not want Don Conrad to
complete the interview.  If we hire another attorney, it



Cami Cottle(8)                                    People

No. I thought we were asking another investigator to interview her.

Sent from my iPhone

On Jun 11, 2014, at 8:52 AM, "Jim Rice" <Jim.Rice@gilbertschools.net> wrote:

Do you want me to cost Don Conrad?

Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: "Staci Burk "
Date:06/11/2014 12:00 AM (GMT-07:00)
To: Lily Tram
Cc: Jim Rice
Subject: Re: Cami Cottle

Please respond Dr. Rice. Thank you.

Sent from my iPhone

> On Jun 10, 2014, at 10:35 PM, "Lily Tram" <Lily.Tram@gilbertschools.net> wrote:
>
> Staci,
>
> What is the status of the Cami Cottle investigation?
>
> Lily
> <mime-attachment>


Under Arizona Law, email to and from public entities may be public records subject to release upon request. This message (including any attachments) contains information intended for a specific individual and purpose. If you are not the intended recipient, please notify the sender immediately by either reply email or by telephone and delete this message from your system.


Under Arizona Law, email to and from public entities may be public records subject to release upon request. This message (including any attachments) contains information intended for a specific individual and purpose. If you are not the intended recipient, please notify the sender immediately by either reply email or by telephone and delete this message from your system.


Under Arizona Law, email to and from public entities may be public records subject to release upon request. This message (including any attachments) contains information intended for a specific individual



Cami Cottle(8)                    [People]

>>>
No to Don Conrad. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮ How about Denise Bainton. I think she would be preferred.

Sent from my iPhone

*Executive Session content.*

On Jun 11, 2014, at 2:11 PM, "Jim Rice" <Jim.Rice@gilbertschools.net> wrote:

I am sorry that is not my impression of him.  If that were the case, I think he would call me back on the Gladys Mopecha investigation which is somewhat an employee matter   Should I contact Don Conrad to interview Cami?  I would like to have both these individuals resolved by the time Christina takes over July 1.

Jim

>>> Staci Griffin-Burk <stacigriffinburk@yahoo.com> 6/11/2014 1:15 PM >>>
He has probably not returned your call because as the boards attorney it could be a conflict. Remember on employment matters, the board and administration are required to have separate counsel. Greg Coulter is very ethical and by the book.

On Wednesday, June 11, 2014 1:09 PM, Jim Rice <Jim.Rice@gilbertschools.net> wrote:

Staci,

Yes, you did tell me you did not want Don Conrad to complete the interview.  If we hire another attorney, it will cost more money because they will need to read the investigation documents to become familiar with the case.  I suggest I call Don and have him do the interview.  Or do you want me to call Don Peters? Please do not recommend Greg Coulter.  He still has not returned my call from two days ago regarding the investigation of ▮▮▮▮▮▮▮▮▮▮▮ requested by the board prior to my arrival.

Jim

*← redacted unrelated employee name.*

>>> Staci Burk <stacigriffinburk@yahoo.com> 6/11/2014 9:14 AM >>>

No. I thought we were asking another investigator to interview her.

Sent from my iPhone

On Jun 11, 2014, at 8:52 AM, "Jim Rice" <Jim.Rice@gilbertschools.net> wrote:

Do you want me to cost Don Conrad?

Sent from my Verizon Wireless 4G LTE smartphone

------ Original message ------
From: "Staci Burk "
Date:06/11/2014 12:00 AM (GMT-07:00)
To: Lily Tram

# Exhibit C

## Nicole Richardson(16)

[People]

> *Superintendent*
> Gilbert Public Schools
> 140 South Gilbert Road
> Gilbert, Arizona 85296
> Phone (480) 497-3342
> Fax (480) 497-3398
> <IMAGE.BMP>
> >>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 3:41 PM >>>

> Show message history

**Reply, Reply All or Forward | More**

**Christina Kishimoto**                          Jul 21, 2014

To  me
CC  Daryl Colvin

Staci and Daryl, I did check with HR about the resignation of Ms. Cottle.
They confirmed for me as you indicated that this action was not taken by
the board. Therefore, I have asked Tina LePage to find me the minutes
from the meeting where the Board made the decision not to approve so
that I have the exact language.

Christina


*Christina M. Kishimoto, Ed.D*
*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398

*GPS*
Gilbert Public Schools

>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 4:40 PM >>>

˅ Hide message history


· When it comes to legal obligations, you may consider that Kami
  Cottle made the allegations against Nicole Richardson and we as a
  Board (as far as I know) have not accepted Kami Cottles resignation.
  We did not accept her resignation pending a thorough and
  complete investigation of her allegations.

· That was not done.

· Therefore there is potential legal liability that for some time we have
  not accept the Cottle resignation pending the investigation. An
  outsider brought it to my attention not too long ago that we may
  potentially owe back pay to Cottle for not accepting her resignation
  or finishing the investigation (not that she is alleging that or asking
  for it). But it's legal liability to consider.

Sent from my iPhone

On Jul 21, 2014, at 4:02 PM, "Christina Kishimoto"
<Christina.Kishimoto@gilbertschools.net> wrote:


Staci, please note that Daryl and I spoke about this earlier today.

Nicole Richardson(16)    [People]



*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398
<IMAGE.BMP>
>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 3:41 PM
>>>
It's up to Daryl. I'm not sure I will be at the next board meeting. I
told him the other day likely not.

Sent from my iPhone

On Jul 21, 2014, at 9:00 AM, "Christina Kishimoto"
<Christina.Kishimoto@gilbertschools.net> wrote:

Staci, based on the information we have shared with one another
about the overall situation, did you want me to call Daryl Colvin to
discuss or have you already been in contact with him? What do you
think about having an Executive Session to discuss the file and
situation with the entire Board? I would have to provide notice to
Ms. Richardson right away.

Christina

*Christina M. Kishimoto, Ed.D*
*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398
<IMAGE.BMP>
>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 8:23 AM
>>>
Hi Dr. Kishimoto:

If it is your recommendation to place Nicole Richardson on the
agenda knowing that the investigation was not complete because
Kami Cottle was not contacted for an interview and she was the
complainant, I will not stop you.

Thanks.

Staci Burk
Board President

Sent from my iPhone

Under Arizona Law, email to and from public entities may be public
records subject to release upon request. This message (including any
attachments) contains information intended for a specific individual
and purpose. If you are not the intended recipient, please notify the
sender immediately by either reply email or by telephone and delete
this message from your system.

Under Arizona Law, email to and from public entities may be public
records subject to release upon request. This message (including any
attachments) contains information intended for a specific individual
and purpose. If you are not the intended recipient, please notify the
sender immediately by either reply email or by telephone and delete
this message from your system.

Under Arizona Law, email to and from public entities may be public
records subject to release upon request. This message (including any

*[handwritten note:]* Board policy is that Board President decides the agenda in consultation with the Superintendent. This email placed decision re: whether or not to Rehire Nicole Richardson into the superintendents hands.

# Exhibit A



GPS
EXPECT SUCCESS   Gilbert Public Schools

Interim Superintendent
John J. Keegan, Jr., Ed.D.

GPS Governing Board
President
Staci Burk
Clerk
Julie Smith
Members
Daryl Colvin
Jill Humpherys
Lily Tram

March 6, 2014

To: Jeff Filloon

From: Jack Keegan

Re: Nicole Richardson, Complete

I have reviewed Ms. Staci Burk's complaint regarding Nicole Richardson's posting of information that was allegedly contained in an attorney/client privileged report on the website and the allegation that she threatened a parent with a libel suit as a response to a blog site entitled *mysocalledcrisis*. The blog posting was entitled, '*one "sinking ship" and oodles of anonymous sources'*. I reviewed the material that was posted by Ms. Richardson. I also consulted with Ms. Georgia Staton, our attorney, through whose firm Don Conrad was hired to conduct an investigation of the allegations made by Kami Cottle. Mr. Conrad reviewed and submitted a report detailing the results of his review of Ms. Cottle's charges and allegations. After reviewing Mr. Conrad's report, I submitted a copy of the full report, including attachments, to the Human Resources department for filing with the Cottle file. In addition, I permitted Ms. Richardson to review the report based upon her request and I consulted with Ms. Staton. I was advised that I, as superintendent, was the person who authorized the investigation and hired Ms. Staton's firm. Because as superintendent I was the client, Ms. Staton advised me that I had the authority to release the report. The client was not the School Board because it was important that the investigation be separate from the board in case after the investigation the board needed to hold a due process hearing on one or more individuals identified in the report.

Since the report and Ms. Richardson's posting I have been informed by several board members that they have received communication from Ms. Cottle stating that she would now be willing to talk with our investigator. Our investigator at this point is out of the country. Upon his return, Ms. Staton will ask him to interview Ms. Cottle and then, add an addendum to the report if appropriate. In his report, Mr. Conrad stated that he tried to contact Ms. Cottle but she never returned his calls or emails. The phone number given by Ms. Cottle to the board member is the same number the District gave Mr. Conrad. However, since this request came after the release of the original report, an addendum will also be released once Mr. Conrad completes his interview of Ms. Cottle. If necessary or appropriate, Mr. Conrad may modify his findings in his report.

As to the compliant stating that Ms. Richardson threatened parents with a potential lawsuit, I do not find what she stated on the web as threatening a lawsuit. She did mention that there are laws governing liable and that people can be held accountable for liable, when printing something that is not true. I do not find those statements as necessarily a threat of a suit.

Based on this review I am rescinding Ms. Richardson's suspension. However, she is to receive a letter stating that she did not follow my order not to respond to this posting. If you have any questions regarding this, please do not hesitate to contact me.

# Exhibit B



Compose

Inbox (8810)
Drafts (183)
Sent
Spam (525)
Trash (3)
› Folders (9999+)
⌄ Smart Views
  Unread
  Starred
  People
  Social
  Travel
  Shopping
  Finance
› Recent

← Search results   ←   ⇐   →   🗑 Delete   📁 Move ⌄   ⋯ More ↓   ⊟ Collapse All

Cami Cottle(8)                    [ People ]

me    Please respond Dr. Rice. Thank you. Sent            Jun 11, 2014

me    No. I thought we were asking another in             Jun 11, 2014

Jim Rice   Staci, Yes, you did tell me you did  📎        Jun 11, 2014

me    He has probably not returned your call b            Jun 11, 2014

Jim Rice   I am sorry that is not my impressio  📎        Jun 11, 2014

me    No to Don Conrad. I thought the board               Jun 11, 2014

Jim Rice   Fine, I am don't believe I know Der  📎        Jun 11, 2014

me                                                        Jun 11, 2014
To  Jim Rice

She's on the Trust list. I'll look it up when I can. Hopefully later tonight

Sent from my iPhone

⌄ Hide message history

    On Jun 11, 2014, at 3:47 PM, "Jim Rice"
    <Jim.Rice@gilbertschools.net> wrote:


    Fine, I am don't believe I know Denise.  Do you have a phone
    number for her?   Jim

    >>> Staci Burk <stacigriffinburk@yahoo.com> 6/11/2014 2:36 PM
    >>>
    No to Don Conrad. I thought the board has already chimed in on
    that. How about Denise Bainton. I think she would be preferred.

    Sent from my iPhone

    On Jun 11, 2014, at 2:11 PM, "Jim Rice"
    <Jim.Rice@gilbertschools.net> wrote:


    I am sorry that is not my impression of him.  If that were the case, I
    think he would call me back on the ███████ investigation
    which is somewhat an employee matter.   Should I contact Don
    Conrad to interview Cami?  I would like to have both these
    individuals resolved by the time Christina takes over July 1.

    Jim

    >>> Staci Griffin-Burk <stacigriffinburk@yahoo.com> 6/11/2014
    1:15 PM >>>
    He has probably not returned your call because as the boards
    attorney it could be a conflict. Remember on employment matters,
    the board and administration are required to have separate
    counsel. Greg Coulter is very ethical and by the book.

    On Wednesday, June 11, 2014 1:09 PM, Jim Rice
    <Jim.Rice@gilbertschools.net> wrote:


    Staci,

    Yes, you did tell me you did not want Don Conrad to
    complete the interview.  If we hire another attorney, it

🏠 Home   👤 Staci   ⚙

*The Trust refers to the list of attorneys that the District can use for defensive or liability work.*

*Redacted because unrelated employee was mentioned.*



Compose

Search results    Delete    Move    More    Collapse All

Cami Cottle(8)    People

Inbox (8810)
Drafts (183)
Sent
Spam (525)
Trash (3)
Folders (9999+)
Smart Views
    Unread
    Starred
    People
    Social
    Travel
    Shopping
    Finance
Recent

No. I thought we were asking another investigator to interview her.

Sent from my iPhone

On Jun 11, 2014, at 8:52 AM, "Jim Rice" <Jim.Rice@gilbertschools.net> wrote:

Do you want me to cost Don Conrad?

Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: "Staci Burk "
Date:06/11/2014 12:00 AM (GMT-07:00)
To: Lily Tram
Cc: Jim Rice
Subject: Re: Cami Cottle

Please respond Dr. Rice. Thank you.

Sent from my iPhone

> On Jun 10, 2014, at 10:35 PM, "Lily Tram" <Lily.Tram@gilbertschools.net> wrote:
>
> Staci,
>
> What is the status of the Cami Cottle investigation?
>
> Lily
> <mime-attachment>

Under Arizona Law, email to and from public entities may be public records subject to release upon request. This message (including any attachments) contains information intended for a specific individual and purpose. If you are not the intended recipient, please notify the sender immediately by either reply email or by telephone and delete this message from your system.

Under Arizona Law, email to and from public entities may be public records subject to release upon request. This message (including any attachments) contains information intended for a specific individual and purpose. If you are not the intended recipient, please notify the sender immediately by either reply email or by telephone and delete this message from your system.

Under Arizona Law, email to and from public entities may be public records subject to release upon request. This message (including any attachments) contains information intended for a specific individual



Cami Cottle(8)    | People |

>>>
No to Don Conrad. ▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓ How about Denise Bainton. I think she would be preferred.

*Executive session content.*

Sent from my iPhone

On Jun 11, 2014, at 2:11 PM, "Jim Rice" <Jim.Rice@gilbertschools.net> wrote:

I am sorry that is not my impression of him.  If that were the case, I think he would call me back on the Gladys Mopecha investigation which is somewhat an employee matter   Should I contact Don Conrad to interview Cami?  I would like to have both these individuals resolved by the time Christina takes over July 1.

Jim

>>> Staci Griffin-Burk <stacigriffinburk@yahoo.com> 6/11/2014 1:15 PM >>>
He has probably not returned your call because as the boards attorney it could be a conflict. Remember on employment matters, the board and administration are required to have separate counsel. Greg Coulter is very ethical and by the book.

On Wednesday, June 11, 2014 1:09 PM, Jim Rice <Jim.Rice@gilbertschools.net> wrote:

Staci,

Yes, you did tell me you did not want Don Conrad to complete the interview.  If we hire another attorney, it will cost more money because they will need to read the investigation documents to become familiar with the case.  I suggest I call Don and have him do the interview.  Or do you want me to call Don Peters? Please do not recommend Greg Coulter.  He still has not returned my call from two days ago regarding the investigation of ▓▓▓▓▓▓▓▓▓▓ requested by the board prior to my arrival.

Jim

*← redacted unrelated employee name.*

>>> Staci Burk <stacigriffinburk@yahoo.com> 6/11/2014 9:14 AM >>>

No. I thought we were asking another investigator to interview her.

Sent from my iPhone

On Jun 11, 2014, at 8:52 AM, "Jim Rice" <Jim.Rice@gilbertschools.net> wrote:

Do you want me to cost Don Conrad?

Sent from my Verizon Wireless 4G LTE smartphone

--------- Original message ---------
From: "Staci Burk "
Date:06/11/2014 12:00 AM (GMT-07:00)
To: Lily Tram

# Exhibit C



Nicole Richardson(16)    [People]

*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398
<IMAGE.BMP>
>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 3:41 PM >>>

› Show message history

**Reply, Reply All or Forward | More**

**Christina Kishimoto**                              📎 Jul 21, 2014

To  me
CC  Daryl Colvin

Staci and Daryl, I did check with HR about the resignation of Ms. Cottle.
They confirmed for me as you indicated that this action was not taken by
the board. Therefore, I have asked Tina LePage to find me the minutes
from the meeting where the Board made the decision not to approve so
that I have the exact language.

Christina


*Christina M. Kishimoto, Ed.D*
*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398

**GPS**
Gilbert Public Schools

>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 4:40 PM >>>

⌄ Hide message history


When it comes to legal obligations, you may consider that Kami
Cottle made the allegations against Nicole Richardson and we as a
Board (as far as I know) have not accepted Kami Cottles resignation.
We did not accept her resignation pending a thorough and
complete investigation of her allegations.

That was not done.

Therefore there is potential legal liability that for some time we have
not accept the Cottle resignation pending the investigation. An
outsider brought it to my attention not too long ago that we may
potentially owe back pay to Cottle for not accepting her resignation
or finishing the investigation (not that she is alleging that or asking
for it). But it's legal liability to consider.

Sent from my iPhone

On Jul 21, 2014, at 4:02 PM, "Christina Kishimoto"
<Christina.Kishimoto@gilbertschools.net> wrote:


Staci, please note that Daryl and I spoke about this earlier today.



Nicole Richardson(16)                    [ People ]

*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398
<IMAGE.BMP>
>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 3:41 PM
>>>
It's up to Daryl. I'm not sure I will be at the next board meeting. I
told him the other day likely not.

Sent from my iPhone

On Jul 21, 2014, at 9:00 AM, "Christina Kishimoto"
<Christina.Kishimoto@gilbertschools.net> wrote:

Staci, based on the information we have shared with one another
about the overall situation, did you want me to call Daryl Colvin to
discuss or have you already been in contact with him? What do you
think about having an Executive Session to discuss the file and
situation with the entire Board? I would have to provide notice to
Ms. Richardson right away.

Christina

*Christina M. Kishimoto, Ed.D*
*Superintendent*
Gilbert Public Schools
140 South Gilbert Road
Gilbert, Arizona 85296
Phone (480) 497-3342
Fax (480) 497-3398
<IMAGE.BMP>
>>> Staci Burk <stacigriffinburk@yahoo.com> 7/21/2014 8:23 AM
>>>
Hi Dr. Kishimoto:

If it is your recommendation to place Nicole Richardson on the
agenda knowing that the investigation was not complete because
Kami Cottle was not contacted for an interview and she was the
complainant, I will not stop you.

Thanks.

Staci Burk
Board President

Sent from my iPhone

Under Arizona Law, email to and from public entities may be public
records subject to release upon request. This message (including any
attachments) contains information intended for a specific individual
and purpose. If you are not the intended recipient, please notify the
sender immediately by either reply email or by telephone and delete
this message from your system.

Under Arizona Law, email to and from public entities may be public
records subject to release upon request. This message (including any
attachments) contains information intended for a specific individual
and purpose. If you are not the intended recipient, please notify the
sender immediately by either reply email or by telephone and delete
this message from your system.

Under Arizona Law, email to and from public entities may be public
records subject to release upon request. This message (including any

Board policy is that
Board President decides
the agenda in consultation
with the Superintendent.
This email placed decision
re: whether or not to
Rehire Nicole Richardson
into the superintendents
hands.

Declaration of Staci Griffin-Burk

I, Staci Griffin-Burk, hereby declare upon my oath, that the statements provided in the attached answer to case 2015-CV-00343-ROS filed this 10th day of March, 2015 are true and correct to the best of my knowledge.

Staci Griffin-Burk